IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN WALKER, as Guardian Ad Litem of S.W., I.W., and T.W., <br><br>Plaintiff, <br><br>v. <br><br>TAP AIR PORTUGAL, <br><br>Defendant. | Case No. 24-cv-06226-MMC <br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS; DIRECTING DEFENDANT TO SUPPLEMENT RECORD; VACATING HEARING** |

    Before the Court is defendant Transportes Aereos Portugueses, S.A.'s[1] Motion to Dismiss, filed September 11, 2024, whereby it seeks dismissal of the claims asserted in plaintiff's First Amended Complaint ("FAC").  Plaintiff Christian Walker, who is the mother and guardian ad litem of three minor children plaintiffs, has not filed opposition.[2]  Having read and considered the papers filed in support of the motion, the Court, for the reasons stated below, will afford defendant an opportunity to supplement the record and plaintiffs an opportunity to respond to any such supplementation.

    Where, as here, "international passengers seek[ ] damages against an airline carrier,"[3] the claims are governed "exclusive[ly]" by the terms of the "Montreal

---

[1] Said defendant asserts it has been incorrectly sued as "TAP Air Portugal."

[2] Under the Local Rules of this District, any opposition or response was due no later than September 25, 2024.  See Civil L.R. 7-3(a)-(b) (providing opposition to motion must be filed "not more than 14 days after the motion was filed").

[3] Plaintiffs' claims arise from an alleged personal injury incurred by minor S.W. while the minor was, along with her mother and two siblings, a passenger on an international flight en route from Portugal to the United States.

Convention." See Narayanan v. British Airlines, 747 F.3d 1125, 1127 (9th Cir. 2016). Under the Montreal Convention, "'[t]he right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination . . . .'" See id. (quoting Montreal Convention art. 35(a); emphasis in original).)

Plaintiffs allege that the international flight on which the injuries were incurred arrived at the scheduled destination on August 19, 2019. (See FAC ¶ 8, 11, 14.) Defendant argues the claims are barred by the above-quoted provision in the Montreal Convention, for the asserted reason that plaintiffs filed the initial complaint in state court on January 11, 2024, i.e., a date significantly more than two years after the date on which the flight arrived at its destination. Defendant, however, has not supported the instant motion with a copy of the initial complaint, and the initial complaint is not otherwise in the record.[4]

Under such circumstances, defendant is hereby DIRECTED to supplement the record by filing, no later than October 4, 2024, a copy of the initial complaint. See 28 U.S.C. § 1447(b) (providing district court "may require the removing party to file with its clerk copies of all records and proceedings in [the] State court"). Plaintiffs may, no later than October 11, 2024, file a response to any such supplement. As of October 11, 2024, the Court will take the matter under submission.[5]

**IT IS SO ORDERED.**

Dated: September 27, 2024

MAXINE M. CHESNEY
United States District Judge

---

[4] When it removed the instant action from state court, defendant attached thereto the FAC, the pleading with which defendant states it was served.

[5] The hearing scheduled for October 18, 2024, is hereby VACATED.